IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT RICHARD LAWRENCE, #232-873  :

    Plaintiff    :

v    :    Civil Action No. AW-09-1744

MONTGOMERY COUNTY MD., *et al.*    :

    Defendants    :

o0o

**MEMORANDUM**

Pending in the above-captioned case are Defendants' Motions to Dismiss. Papers No. 13 and 19. Also pending are motions filed by Plaintiff seeking an extension of time and an order requiring the Division of Correction to allow him to conduct a telephone interview of a witness. Paper No. 30 and 31. Plaintiff's motions are opposed by Defendants. Papers No. 32 and 33. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

**Background**

Plaintiff claims Defendants conspired to deny him contact with his minor daughter, Bobbie, in order to aid the mother, Qiana Nickerson, to win custody. Paper No. 1 at p. 2. Plaintiff states Defendants wanted Nickerson to have custody of their daughter in order to maintain good standing with her so she would not reveal how they covered up the child neglect and drug abuse Plaintiff reported on numerous occasions beginning in September 2003. *Id.* The refusal to address the allegations of drug abuse and child neglect continued until Nickerson gave birth to another child, fathered by a different man, who tested positive for cocaine when she was born. At that time Montgomery County Child Welfare conducted an investigation, but Plaintiff

1

claims they continued to deny the validity of his complaints regarding Nickerson's drug use and did everything possible to make her look good so their failure to intervene earlier would not be revealed. He states Defendants introduced falsified documents and perjured testimony in order to deprive him of involvement in his daughter's life. *Id*. He seeks monetary damages, an order prohibiting Nickerson's boyfriend from having contact with the minor child, and termination from employment of the case workers assigned to investigate the case.

## State Court Proceedings

Bobbie was born on August 4, 2003, and resided with Nickerson. On July 12, 2004, Plaintiff pled guilty to stalking, reckless endangerment, reckless driving, and second degree assault after he assaulted Nickerson, removed Bobbie, who was 19 days old at the time, from Nickerson's home, and fled from police. Paper No. 13 at Ex. 1 and 2; *see also Lawrence v. Montgomery County*, Civil Action No. AW-05-2051 (D. Md) Paper No. 53 at pp. 1—4. On July 22, 2004, Plaintiff signed a consent order agreeing to allow Nickerson to have legal and physical custody of Bobbie. Paper No. 13 at Ex. 3. The consent order provided for Plaintiff to have supervised visitation with his daughter after his release from prison. On October 28, 2004, Plaintiff was sentenced to serve a term of 15 years with 5 years supervised probation upon release. *Id*. at Ex. 1, p. 5.

On December 6, 2005, Nickerson gave birth to another daughter. Nickerson and her baby tested positive for cocaine in their bloodstreams. Medical staff notified Child Welfare Services of the positive tests and a Child in Need of Assistance (CINA) petition was filed on behalf of Bobbie. Paper No. 13 at Ex. 4. After a hearing on the CINA petition on February 14,

2006, shelter care was ordered that the minor child be placed under the jurisdiction of the court. [1]
*Id*. at Ex. 6. On March 23, 2006, the Montgomery County Department of Health and Human Services (the "Department") filed a Motion for Emergency Hearing seeking a change to Bobbie's placement because the relative with whom she had been placed could no longer care for her. *Id*. at Ex. 8. In the motion it was alleged that Nickerson had been compliant with substance abuse treatment. Appointed counsel for the minor child agreed that she should be returned to live with her mother. Plaintiff, through counsel, disagreed and opposed the motion stating that Nickerson had not been clean and sober long enough to warrant Bobbie's return. Plaintiff advocated placement of the child into foster care. Paper No. 13 at Ex. 9. The emergency hearing took place on April 3, 2006, and the court amended its previous order by allowing Bobbie to live with her mother. *Id*. at Ex. 11. A review hearing was scheduled for August 14, 2006. Plaintiff was not present at the hearing but his counsel was present.

On April 27, 2006, Plaintiff, through counsel, filed a Motion for the Issuance of a No Contact Order seeking a prohibition against Nickerson's boyfriend having any contact with Bobbie. Paper No. 13 at Ex. 12. Plaintiff argued that Nickerson's boyfriend was involved with drug abuse and should not be allowed around his daughter. Nickerson opposed the motion. *Id*. at Ex. 13. The court denied Plaintiff's motion. *Id*. at Ex. 14. Plaintiff filed a Motion for Reconsideration on August 2, 2006. *Id*. at Ex. 15. A review hearing was held on August 14, 2006; Plaintiff was present and represented by counsel. The court ordered the minor child to remain under the jurisdiction of the court in the care and custody of her mother; Nickerson was ordered to successfully complete the Avery House Treatment Plan; and Nickerson's boyfriend

---

[1] Plaintiff was present at the hearing and was represented by counsel. Plaintiff requested and was granted an amendment of the order on March 10, 2006. Paper No. 13 at Ex. 7.

was granted unsupervised visitation with Bobbie under Nickerson's direction. *Id*. at Ex. 17.

Following the court's decision Plaintiff filed, through counsel, an Omnibus Motion for Appropriate Relief renewing his request for a no contact order between the minor child and Nickerson's boyfriend; requesting reasonable visitation with the minor child upon his release from prison; and seeking an order for the Department to provide him with pictures of his child. Paper No. 13 at Ex. 18. On August 23, 2006, Plaintiff filed another motion with the court seeking removal of all documents indicating he had hit Nickerson with a hammer. He claimed the allegation was a lie fabricated by Nickerson so she could get even with Plaintiff for kicking her door in and taking the child out of the "crack house" where she was living. *Id*. at Ex. 19. The Department opposed the motion which was denied on September 13, 2006. *Id*. at Ex. 20 and 21.

Another review hearing was held on September 28, 2006, and Plaintiff was again present with counsel. After the hearing the court ordered that the minor child be removed from the jurisdiction of the court, remain in the care and custody of her mother, and that the case be closed. Plaintiff appealed the decision, raising numerous issues all of which are echoed in the case sub judice. He claimed: the judge was influenced by misrepresentations including that Plaintiff had assaulted Nickerson with a hammer; Plaintiff's 2003 and 2005 reports that Nickerson was using drugs were not properly investigated; a forensic report showed no hammer assault occurred; the Department's counsel (Kinch) lied when she stated the minor child was not in danger and that Plaintiff's claims of drugs were fabricated; Judge Greenberg did not allow Plaintiff visitation when Judge Sundt had allowed it establishing that Judge Greenberg was biased against Plaintiff; and the Department fabricated information to make it look like the

4

recommendation to allow the minor child to return to Nickerson's custody was justified because they were trying to cover up their failure to investigate Plaintiff's earlier allegations.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only Aa short and plain statement of the claim showing that the pleader is entitled to relief,@ in order to Agive the defendant fair notice of what the ... claim is and the grounds upon which it rests,@ *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the Agrounds@ of his Aentitle[ment] to relief@ requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts Aare not bound to accept as true a legal conclusion couched as a factual allegation@). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) (A[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action@), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) (ARule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations@); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears Athat a recovery is very remote and unlikely@).

*Bell Atlantic Corp. v. Twombly*, __ U.S.__, 127 S.Ct. 1955, 1964-65 (2007)(footnotes omitted.). This standard does not require defendant to establish Abeyond doubt@ that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 1968-69. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

Defendants assert that this court does not have jurisdiction over this claim because it is a domestic law matter over which the state courts have jurisdiction. Papers No. 13 and 19; s*ee In Re Burrus*, 136 U.S. 586 (1890). To the extent that Plaintiff seeks to revisit the substance of the custody orders issued by the Circuit Court for Montgomery County and affirmed on appeal, Defendants are correct. Matters concerning family law have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 422 U.S. 415, 435 (1979). Under the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701 –05 (1992).

Plaintiff also claims monetary damages against Montgomery County officials for an alleged conspiracy to cover up their failure to investigate allegations that Nickerson was abusing drugs and neglecting their minor daughter. Paper No. 1. The allegations raised were litigated in the state courts and Plaintiff claims the decisions made were erroneous because they were based

on false information. He raised this issue on appeal to the Court of Special Appeals and those claims were rejected. AUnder *res judicata*, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.@ *Montana v. United States*, 440 U.S. 145, 153 (1979) (citation omitted). The principles of *res judicata* do not require the claims raised in the two cases in question to be identical.

> Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that "[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law." *Kale v. Combined Ins. Co. of Am.,* 924 F.2d 1161, 1166 (1st Cir.1991).

*Pueschel v. U.S.*, 369 F.3d 345, 355 (4th Cir. 2004). Where, as here, the claims arise out of the same transaction, series of transactions, or involve the same operative facts, the second action filed is barred. The complaint must, therefore, be dismissed.

Plaintiff's Motion for Extension of Time is a request to delay disposition of this case until he has an opportunity to research legal precedence applicable to this case. Paper No. 30 and 34. Because this Court finds that as a matter of law the merits of Plaintiff's claims may not be reached, his inability to research the legal issues is of no consequence. The motion is denied.

Similarly Plaintiff's Motion requesting an Order requiring the Division of Correction to permit his use of the telephone to interview Nickerson is denied in light of the disposition of the case. Paper No. 31. A separate Order follows.

July 14, 2010  _____//s//_____
Date  Alexander Williams, Jr.
 United States District Judge